## JOSEPH E. KELLEY
*vs.*
## BOARD OF ZONING APPEALS

Superior Court          New Haven County          File No. 57540

126 Conn. 648          MEMORANDUM FILED JANUARY 9, 1940.

*Franklin Coeller*, of New Haven, for the Plaintiff.

*Vincent P. Dooley*, Corporation Counsel of New Haven, for the Defendant.

FOSTER, J.   In the plea in abatement filed by the defendant, the fundamental claim made is that this court has no jurisdiction to hear the matter set forth in the complaint to which the plea is addressed.

The requirements of the Charter of the City of New Haven are as follows: "Any person, claiming to be aggrieved by any order, requirement or decision made by the administrative official charged with the enforcement of any ordinance adopted pursuant to the provisions of this act, may file an appeal in writing from such order, requirement or decision to said board of zoning appeals, which, after due notice to the authority from whose decision said appeal shall be taken, shall hear and determine the legality and reasonableness of such order, requirement or decision. . . . Any person, including any official charged with the enforcement of any order, requirement or decision, claiming to be aggrieved by the decision of said board, may, within fifteen days from the date when such decision shall have been rendered, take an appeal to the superior court for New Haven county and such appeal shall be made returnable to such court in the same manner as that prescribed for civil actions." Special Acts of 1925, No. 490, §6.

It is conceded by the plaintiff that no appeal was taken from the action of the Board of Zoning Appeals dated February 16, 1937. It is not alleged in the complaint that the plaintiff's petition of August 1, 1939, to the Board of Zoning Appeals was an appeal to such board from "any order, requirement or decision made by the administrative official charged with the enforcement of any ordinance adopted pursuant to the provisions of this act." Therefore, no appeal could be taken to this court from the decision of the Board of Zoning Appeals dated September 13, 1939, upon the petition dated August 1, 1939.

There is no law giving this court jurisdiction over the case here presented and denominated an appeal from the Board of Zoning Appeals.

The Board of Zoning Appeals has done nothing and has made no decision from which there is legally any appeal to this court. We repeat the matter in other words:

1. No appeal to this court was taken upon the original action of the Board of Zoning Appeals dated February 16, 1937, within 15 days thereof.

2. The action of the board of zoning appeals from which this purported appeal is taken was not based upon an appeal from another officer, and so no appeal from such action lies to this court.

The plea in abatement is sustained.